UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

SHEILA PATTERSON,
Plaintiff-Appellant,

v.

COUNTY OF FAIRFAX, VIRGINIA; THE
BOARD OF COUNTY SUPERVISORS,
Defendants-Appellees,

No. 95-2386

and

THOMAS M. DAVIS, III; WILLIAM J.
LEIDENGER; MICHAEL W. YOUNG,
Colonel; LATRETTA BUTLER; FAIRFAX
COUNTY POLICE DEPARTMENT,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-93-788-A)

Submitted: March 26, 1996

Decided: June 26, 1996

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

COUNSEL

Sheila Patterson, Appellant Pro Se. Robert Marvel Ross, COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

OPINION

PER CURIAM:

Sheila Patterson appeals the district court's orders denying relief on her Title VI, Title VII, 42 U.S.C. SS 1981, 1983, 3789d (1988), and state tort claims. Patterson claimed that during her entire employment with the Fairfax County Police Department she was discriminatorily denied proper training and promotion, and subjected to a hostile racial and sexual work environment. Despite the sweeping nature of her claim, her allegations only contained accounts of conduct occurring between 1983 and 1989. The district court originally granted summary judgment for the Defendants, finding that all of her claims against Fairfax County and their board of supervisors fell outside the statute of limitations. This order, however, gave Patterson ten days to refile her complaint and add facts concerning a retaliation claim which occurred in 1993 and therefore might establish a continuing violation.

Patterson filed an amended complaint within this ten day period, re-alleging all of her previous claims and adding the 1993 retaliation claim. This amended complaint effectively superseded Patterson's original complaint, with the result that her original pleading was completely void and all claims raised in the amended complaint were again before the court for adjudication. The Defendants moved to dismiss, arguing that Patterson's prior representation to the court of her possession of a right-to-sue letter on this claim was false. The court granted this motion, stating that its grant of leave to amend was based

2

on its understanding that Patterson possessed a right-to-sue letter, and that this subsequent discovery divested it of jurisdiction.

Patterson appealed this dismissal and we reversed and remanded, noting that a right-to-sue letter is not necessary in a retaliation claim. Patterson v. County of Fairfax, No. 94-1218 (4th Cir., Jan. 4, 1995) (unpublished). This remand specifically afforded the district court the opportunity to evaluate all claims against the county and its board asserted in Patterson's amended complaint. This district court failed to avail itself of this opportunity as regards Patterson's Title VI and 42 U.S.C. S 3789d claims raised in her amended complaint. Accordingly we remand these claims to the district court for consideration.

We next address the district court's dismissal of Patterson's Title VII claims of failure to promote and hostile work environment occurring between 1983-1989 as being barred by the statute of limitations. Title VII is not governed by a set period of limitations, but rather by a series of time requirements relating to the timeliness of EEOC charges and initiation of suit following a right-to-sue letter. Additionally, we find that if the district court intended to dismiss these claims under the doctrine of laches, the application of this doctrine was inappropriate. To apply laches, there must be a finding that a plaintiff inexcusably delayed in filing a suit and that the delay resulted in undue prejudice to the defendant. Here, the Defendants argued that Patterson could have obtained a right-to-sue letter far earlier and that her failure to do so may result in the unavailability of several witnesses. Even if this potential were enough to demonstrate undue prejudice, Patterson's decision to rely on the EEOC's administrative process before commencing suit in federal court does not constitute inexcusable delay. Holsey v. Armour & Co., 743 F.2d 199, 211 (4th Cir. 1984), cert. denied, 470 U.S. 1028 (1985). Accordingly, we vacate the district court's order dismissing these claims under the statute of limitations or laches and remand these claims for further proceedings.

Turning finally to Patterson's S 1981, S 1983, and 1993 Title VII retaliation claims, we affirm the dismissal of these claims on the reasoning of the district court. Patterson v. County of Fairfax, No. CA-93-788-A (E.D. Va. July 12, 1995). Accordingly, we affirm in part, and vacate and remand in part. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED IN PART, VACATED AND REMANDED IN PART

4